NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| POLY-WOOD, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DISCOUNT FURNITURE PLACE, INC., <br><br> Defendant. | No. 2:23-cv-01360 (EP) (ESK) <br><br> **OPINION** |

**PADIN, District Judge.**

This matter comes before the Court upon Plaintiff Poly-Wood, LLC's ("Plaintiff" or "Poly-Wood") unopposed motion for default judgment against Defendant Discount Furniture Place, Inc. ("Defendant" or "DFP"), pursuant to the Lanham Act, 15 U.S.C. §§ 1114, 1125(a). The Court decides the motion without oral argument. Fed. R. Civ. P. 78(b); L.Civ.R.78(b). For the reasons set forth below, Poly-Wood's motion will be **GRANTED**.

**I.   BACKGROUND**

Poly-Wood is a Delaware-based limited liability company, with its principal place of business in Indiana. D.E. 1 ("Compl.") ¶ 2. Poly-Wood sells plastic outdoor furniture, plastic lumber for outdoor furniture, and decking under its POLYWOOD trademark via a network of authorized dealers and online. *Id.* ¶ 6. Poly-Wood owns U.S. Trademarks POLYWOOD and POLY-WOOD. *Id.* ¶ 10 & Ex. A. Poly-Wood claims to have used the marks continuously, notoriously, and extensively since at least 2002. *Id.* ¶ 7. Poly-Wood further claims that the marks are distinctive and inherently distinctive and serve to identify and distinguish Poly-Wood's products from those of other furniture companies. *Id.* ¶ 9.

DFP is a New Jersey-based corporation with a principal place of business in Clifton, New Jersey. *Id.* ¶ 3. DFP makes and sells plastic outdoor furniture and directly competes with Poly-Wood. *Id.* ¶¶ 13-14.

Poly-Wood alleges that DFP is selling outdoor furniture using the term "polywood" in several of its online product listings. *Id.* ¶¶ 15-16 & Ex. B. On November 11, 2022, Poly-Wood sent DFP a cease-and-desist letter. *Id.* ¶¶ 17-18 & Ex. C. After DFP failed to respond, Poly-Wood sent three separate emails the following December, January, and February. *Id.* ¶¶ 19-24. DFP has not responded, nor did it take down the listings.[1] *Id.*

Poly-Wood filed its Complaint on March 10, 2023, alleging trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a). *Id.* ¶ 30. Poly-Wood contends that DFP's infringement of the POLYWOOD mark is likely to confuse and deceive customers into believing a connection between DFP's advertised products and Poly-Wood's business. *Id.*

DFP was served with the Summons and the Complaint on March 28, 2023. D.E. 7. DFP did not answer. On April 25, 2023, the Clerk of the Court entered default. Poly-Wood seeks an entry of default judgment against DFP. D.E. 9. Poly-Wood also requests a permanent injunction to enjoin DFP from further use of the POLYWOOD mark. *Id.* Poly-Wood does not seek monetary damages. *Id.*

II.     **LEGAL STANDARD**

Fed. R. Civ. P. 55(b) permits the entry of default judgment against a "properly served defendant who fails to plead or otherwise defend an action." *La. Counseling and Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citation omitted). District courts ultimately have "the discretion to enter default judgment, although entry of default

---

[1] As of the filing of the Complaint on March 10, 2023.

judgments is disfavored as decisions on the merits are preferred." *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 847 (D.N.J. 2008). In reviewing a motion for default judgment, courts accept a complaint's well-pleaded factual allegations as true for purposes of determining liability; however, the plaintiff must still prove damages. *Comdyne 1, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

Before entering default judgment, the reviewing court must consider three threshold requirements, specifically whether "(1) sufficient proof of valid service and jurisdiction has been provided, (2) the facts as unchallenged present a legitimate cause of action, and (3) entry of default judgment is otherwise proper under the circumstances." *New York Life Ins. Co. v. Garth*, No. 120CV13115NLHMJS, 2023 WL 3775299, at *3 (D.N.J. June 2, 2023) (citing *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 686 (D.N.J. 2015)).

Additionally, before entering default judgment, the reviewing court must consider three controlling factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III.  DISCUSSION

#### A.  Jurisdiction and Service

Poly-Wood satisfies the threshold requirements for entry of default judgment. First, the Court has jurisdiction over the subject-matter and DFP. Poly-Wood's claim for trademark infringement under the Lanham Act., 15 U.S.C. §§ 1051, *et seq*., presents a federal question. Accordingly, the Court has subject matter jurisdiction over this case, pursuant to 28 U.S.C. §§ 1331 and 1338. *See* Compl. ¶¶ 26-31; *see also Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S.

3

804, 808 (1986) ("Pursuant to 28 U.S.C. § 1331, District courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

DFP is a citizen of New Jersey because it is incorporated within the state. Compl. ¶ 3. "A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C.A. § 1332. Thus, the Court has personal jurisdiction over DFP. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("[D]omicile, place of incorporation, and principal place of business [are] paradigm bases for the exercise of general jurisdiction.") (citation omitted)).

Second, service was proper. "An unincorporated association, such as a limited liability company, must be served by 'delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.'" *Cerrato v. Seaboard Corp. Servs., LLC*, 2020 WL 2559535, at *1 (D.N.J. May 20, 2020) (quoting Fed. R. Civ. P. 4(h)(1)(B)). Poly-Wood personally served DFP, via its agent, Carlos Ramos, on March 28, 2023. D.E. 7; *see also* Fed. R. Civ. P. 4(e), (h).

Therefore, the Court is satisfied that the three threshold requirements are met.

### B. Sufficiency of the Pleading

Accepting the factual allegations as true, Poly-Wood has sufficiently pleaded a claim for trademark infringement. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005) ("[F]actual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment.").

To prevail on a trademark infringement claim, a plaintiff must establish that: "(1) the mark is valid and legally protectable; (2) the mark is owned by the plaintiff; and (3) the defendant's use

of the mark to identify goods or services is likely to create confusion concerning the origin of the goods or services." *Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*, 30 F.3d 466, 472 (3d Cir. 1994) (citations omitted).

The first two elements are satisfied because the record sufficiently establishes that Poly-Wood validly holds and owns the POLYWOOD mark. Compl. Ex. A; *see also Matos*, 133 F. Supp. at 685 (finding that a certificate of registration establishes prima facie evidence of the validity and ownership of the marks); *Coach, Inc. v. Cosm. House*, No. 10-2794, 2011 WL 1211390, at *2 (D.N.J. Mar. 29, 2011); *Coach, Inc. v. Ocean Point Gifts*, No. 09-4215 JBS, 2010 WL 2521444, at *3 (D.N.J. June 14, 2010).

The third element is also satisfied. "[T]he likelihood of confusion, which exists 'when the consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark.'" *Fisons*, 30 F.3d at 472 (quoting *Dranoff–Perlstein Assoc. v. Sklar*, 967 F.2d 852, 862 (3d Cir.1992) (internal quotations omitted)). When the trademark owner and the alleged infringer are in direct competition, "the court need rarely look beyond the mark itself." *Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 462 (3d Cir. 1983). Here, use of the exact trademarked term, "polywood," by a direct competitor creates a sufficient likelihood of confusion. Compl. ¶¶ 15-16 & Ex. B; *see also Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 195 (3d Cir. 1990) (*"*[L]ikelihood of confusion is inevitable, when, as in this case, the identical mark is used concurrently by unrelated entities.").

Accordingly, the Court finds Poly-Wood has sufficiently pleaded a claim under the Lanham Act.

### C. Controlling Three-Factor Analysis

The controlling three-factor analysis weighs in favor of entering default judgment against DFP for trademark infringement. First, the record suggests DFP has no meritorious defenses. "Because the [d]efendant did not respond, the Court cannot determine whether the [d]efendant had meritorious defenses that are not reflected in the record." *Ocean Point Gifts*, 2010 WL 2521444, at *5; s*ee also Platypus Wear, Inc. v. Bad Boy Club, Inc.*, No. 08-2662NLHAMD, 2009 WL 2147843, *5 (D.N.J. July 15, 2009) ("It is axiomatic that the Court cannot consider defendants' defenses because defendants have failed to respond to this action."); *Prudential Ins. Co. of America v. Taylor*, No. 08-108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) ("[B]ecause [defendant] has not answered or otherwise appeared in this action, the Court was unable to ascertain whether she has any litigable defenses."). Accordingly, the Court finds that DFP has no meritorious defenses.

Second, the Court is persuaded that Poly-Wood would be prejudiced if the default judgment were denied. DFP's continuing infringement of Poly-Wood's mark, and refusal to provide an explanation harms and prejudices Poly-Wood.[2] *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, No. 11-624 JBS/JS, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) ("Plaintiffs have been prejudiced by the defendants' failure to answer because they have been prevented from prosecuting their case, engaging in discovery, and seeking relief in the normal fashion.").

Under the last factor, DFP is culpable for its actions. Absent any evidence on the record, "the [d]efendant's failure to answer evinces the [d]efendant's culpability in its default. There is nothing before the Court to show that the [d]efendant's failure to file an answer was not willfully

---

[2] As of the filing of the Complaint on March 10, 2023.

negligent." *Id.* at *4 (citing *Prudential,* 2009 WL 536403, at *1 (finding that the defendant's conduct is culpable and warrants default judgment when the defendant fails to file an answer)); *see also E.A. Sween Co. v. Deli Exp. of Tenafly, LLC*, 19 F. Supp. 3d 560, 576 (D.N.J. 2014) (same). Thus, the Court finds that entry of default judgment against DFP is proper.

### D. Permanent Injunction

Instead of damages, Poly-Wood seeks a permanent injunction. Here, a permanent injunction is warranted. A plaintiff seeking a permanent injunction must demonstrate: (1) that it has suffered an irreparable injury; (2) other remedies at law are inadequate to compensate for that injury; (3) that balancing the hardships between the plaintiff and defendant, a remedy in equity is proper; and (4) that the public interest would not be disserved. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Establishing likelihood of confusion is sufficient to show that DFP caused Poly-Wood irreparable harm. *See S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 378 (3d Cir. 1992) ("[T]rademark infringement amounts to irreparable injury as a matter of law."); *Cottman Transmissions Sys., LLC v. Gano*, No. 12-CV-05223, 2013 WL 842709, at *6 (E.D. Pa. Mar. 7, 2013) ("[Plaintiff] has suffered an irreparable injury due to the finding that, through the defendants' continued use of the 'Cottman' marks, confusion exists amongst customers who continue to patronize the defendants' Center.").

Second, other remedies available at law cannot adequately compensate Poly-Wood's injury, because they may not deter DFP from further infringing on the mark. *See Cottman*, 2013 WL 842709, at *5 (finding that monetary damages may not ensure deterrence from continued use of plaintiff's mark).

7

Third, balancing the hardships between Poly-Wood and DFP, a remedy in equity is proper, because any detriment to DFP is a result of its own actions. *See Novartis Consumer Health, Inc. v. Johnson & Johnson–Merck Consumer Pharm. Co.*, 290 F.3d 578, 596 (3d Cir. 2002) ("[T]he injury a defendant might suffer if an injunction were imposed may be discounted by the fact that the defendant brought the injury upon itself."); *Cottman*, 2013 WL 842709, at *5 (same).

Lastly, an "injunction in this case would not disserve the public interest, but rather would benefit the public interest through the protection of trademarks and guarding against public deception." *Cottman*, 2013 WL 842709, at *5; *see also Bill Blass, Ltd. v. SAZ Corp.*, 751 F.2d 152, 156 (3d Cir. 1984) ("[T]he public interest is advanced by recognition of property interests in trademarks. Thus, the public interest is advanced by preventing the erosion of the value of such interests."); *Opticians*, 920 F.2d at 197-98 ("This result mandates a finding that not only would the public interest be served by the issuance of an injunction, but it would be *best* served.").

Accordingly, the Court finds that Poly-Wood is entitled to injunctive relief.

## IV.   CONCLUSION

For the foregoing reasons, Poly-Wood's motion for default judgment is **GRANTED**. An appropriate Order accompanies this Opinion.

Dated: August 24, 2023

_____
Evelyn Padin, U.S.D.J.

8